UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BOX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV214 JCH |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Michael Box's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On March 7, 2001, a jury in the Circuit Court of St. Charles County, Missouri, convicted Petitioner of one count of robbery in the first degree (Count I), one count of armed criminal action (Count II), one count of burglary in the first degree (Count III), two counts of felony stealing (Counts IV and V), and one count of exceeding the posted speed limit (Count VI). Petitioner was sentenced to twenty-five years imprisonment on Counts I, II, and III, twenty years on Counts IV and V, and six months on Count VI, with all such sentences to run concurrently. Petitioner's convictions and sentence were affirmed on appeal. State v. Box, 81 S.W.3d 79 (Mo. App. 2002). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. 6). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Box v. State, 161 S.W.3d 897 (Mo. App. 2005). The Missouri Court of Appeals further dismissed Petitioner's second appeal from the denial of his post-conviction motion. Box v. State, 190 S.W.3d 536 (Mo. App. 2006).

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. As the Court construes the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That the trial court erred in denying Petitioner's motion for judgment of acquittal at the close of evidence, as the evidence presented at trial was insufficient to convict Petitioner of either robbery in the first degree or armed criminal action;

(2) That the trial court plainly erred in re-sentencing Petitioner to a period of incarceration five years longer than the original sentence;

(3) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to investigate and present evidence from a potential witness; and

(4) That Petitioner received ineffective assistance of post-conviction counsel, in that post-conviction counsel abandoned various claims for relief, acted under a conflict of interest, and conspired with the prosecution and others to preclude a challenge to the systematic exclusion of African-Americans from the voir dire panel.

(§ 2254 Petition, PP. 16-48). The Court will address the claims in turn.

## DISCUSSION

**A**.  **Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court

default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The Court's review of the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**B.** **Non-Cognizable Claim**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 4 of his petition, Petitioner claims he received ineffective assistance of post-conviction counsel, in that post-conviction counsel abandoned various claims for relief, acted under a conflict of interest, and conspired with the prosecution and others to preclude a challenge to the systematic exclusion of African-Americans from the voir dire panel. (§ 2254 Petition, PP. 40-48). The Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994), citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Because ineffective assistance of post-conviction counsel does not raise an issue of constitutional magnitude, the claim raised in Ground 4 of the instant petition is not cognizable in this proceeding and must be denied.

## C. Claims Addressed On The Merits

### 1. Ground 1

As stated above, in Ground 1 of his petition Petitioner claims the trial court erred in denying his motion for judgment of acquittal at the close of evidence, as the evidence presented at trial was insufficient to convict Petitioner of either robbery in the first degree or armed criminal action. (§ 2254 Petition, PP. 16-22). Specifically, Petitioner asserts the State failed to prove he threatened the immediate use of physical force to prevent resistance to the retention of the victim's car, as the State showed only that a gun was displayed after the taking of the car was complete. (Id., PP. 18-19).[1] Petitioner raised this claim on direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> On the morning of March 20, 2000, Louis Styers pulled his car into a parking spot in front of his condominium. Styers went up to his condominium to drop off some soda and when he returned his car was missing. Styers heard his car engine at the end of the street that was a dead end. A man who Styers later identified as defendant[2] turned the car around. Styers went in the street and defendant drove toward him. Styers "kind of flagged him down" and defendant slowed the car. Styers then "waved, motioned, flagging him out." When Styers got alongside his car, he saw that defendant was pointing a pistol at him. Styers then "backed up and let him through." Styers called 911 and described his car and defendant to the dispatcher. A short time later, police captured defendant after a high-speed chase and foot pursuit.
>
> A jury found defendant guilty of robbery in the first degree, armed criminal action, burglary in the first degree, two counts of felony stealing without consent and exceeding the posted speed limit....

---

[1] Petitioner further maintains his conviction on armed criminal action cannot stand, as to obtain such conviction there had to be evidence sufficient to support his conviction on robbery in the first degree. (§ 2254 Petition, P. 21).

[2] Petitioner is referred to as "defendant" by the Missouri Court of Appeals.

In his first point, defendant challenges the sufficiency of the evidence for his first degree robbery conviction.[3] In reviewing a defendant's challenge to the sufficiency of the evidence, we consider whether a reasonable juror could find each element beyond a reasonable doubt. State v. Grim, 854 S.W.2d 403, 411 (Mo. banc 1993). We accept as true all evidence favorable to the state and give the state the benefit of all reasonable inferences from the evidence. Id. We may not, however, supply missing evidence or give the state the benefit of unreasonable, speculative or forced inferences. State v. Whalen, 49 S.W.3d 181, 184 (Mo. banc 2001) (citation omitted).

"A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he,...[u]ses or threatens the immediate use of a dangerous instrument against any person." Section 569.020.1(3) RSMo. 2000. Forcibly steals is defined in part as follows:

(1) ....a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking;

Section 569.010.(1)(a) RSMo. 2000. "[T]he force, violence or intimidation can now occur after the taking but it must still be 'in the course of stealing' in that it occurs immediately after the taking in an effort to overcome resistance to retention of the property." State v. Kelly, 43 S.W.3d 343, 349 (Mo. App. W.D. 2001). In the context of forcible stealing, "in the course of" is a broad term and refers to an entire transaction or occurrence. State v. Weems, 840 S.W.2d 222, 228 (Mo. banc 1992); State v. Lloyd, 820 S.W.2d 105, 107 (Mo. App. 1991).

Defendant contends that the state failed to prove that he threatened the immediate use of physical force to prevent resistance to the retention of Styers's car immediately after the car was taken. Defendant asserts that neither physical force nor the threat of physical force was necessary to prevent resistance to his taking the car. Defendant also asserts that Styers did not have an actual or perceived ability to stop him from driving the car away.

Defendant drove Styers's car down the dead end street and turned the car around. Styers went in the street and defendant drove toward him. Styers

---

[3] Under this point, defendant asks this court to also reverse the concomitant armed criminal action conviction.

> "kind of flagged him down" and defendant slowed the car. Styers then "waved, motioned, flagging him out." When Styers got alongside his car, defendant was pointing a pistol at him. According to Styers, he then "backed up and let him through." Given this evidence, the jury could have reasonably believed that defendant threatened the immediate use of physical force to prevent Styers's resistance to defendant taking the car immediately after the taking. See Lloyd, 820 S.W.2d at 107. Furthermore, it was reasonable for the jury to believe that the acts were part of a single occurrence. Id. The state made a submissible case. Defendant's first point is denied.

(Resp. Exh. 5, PP. 2-4 (footnotes 1 and 4 omitted)).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

The Supreme Court has held that in reviewing whether the evidence presented in state court was sufficient to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979) (emphasis in original) (citation omitted). Upon consideration of the foregoing standard and the record before it, this Court finds the cited findings of the Missouri State court were sufficient to justify a verdict of guilt beyond a reasonable doubt.

(See, e.g., Resp. Exh. 1, PP. 230-234). The decision of the Missouri court thus is entitled to deference, and Ground 1 is denied.

**2.     Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts the trial court plainly erred in re-sentencing Petitioner to a period of incarceration five years longer than the original sentence. (§ 2254 Petition, PP. 22-37). Petitioner claims the harsher sentence raised a presumption of vindictiveness, and the trial judge failed to overcome the presumption through articulation on the record of new, objective information shedding new light on Petitioner's life, conduct, and/or mental and moral propensities. (Id., P. 28). Petitioner raised this claim on direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> Defendant argues in his second point that the trial court plainly erred in resentencing him to a total sentence that was five years longer than the original sentence.
>
> On May 4, 2001, the trial court sentenced defendant to concurrent terms of twenty years for his robbery, armed criminal action, burglary and felony stealing convictions and one year for the speed limit conviction. Before the sentencing hearing concluded, defendant asked the court to consider some documents from his employer. The court then asked defendant if he wanted the court to consider the documents before sentencing and defendant said "[o]kay." The court stated it was setting aside the sentences and ordered the matter reset for May 24, 2001. The following is from the May 24, 2001 hearing:
>
>> THE COURT: It was May 4th, and Mr. Box had indicated to me that he wanted to provide some information before the sentencing, and that he supplied me with a four-page letter detailing how he felt the case proceeded and outlining the complaints that he had with his attorney. There was also a handwritten letter from--I don't remember who, and let the record show that I have reviewed those matters and are we ready at this time to proceed with sentencing?
>>
>> .....
>>
>> [THE PROSECUTOR]: Judge, I just wanted to [cor]rect a couple of things from the last time on Count III. It is a burglary in the first

degree, I misspoke and indicated to the Court that the sentencing was not to exceed 20 years. It is actually not to exceed 30 years because the defendant is a prior and persistent offender...I'd also like the Court to consider these violations that have occurred in the County Jail while he has been in custody.

THE COURT: Let me stop you right there and suggest to you that independent of the Prosecutor, I have received information about infractions and violations in the county jail while Mr. Box has been in custody. I would like for you to go ahead and go through them if you care to.

The prosecutor stated that beginning in April 2000, defendant had contraband, assaulted an officer, used profanity against the staff, flooded his cell, put contraband in the ceiling, was disrespectful to officers, had a missing wrist band, had extra batteries, had a "rules violation" and was involved in a fight with another inmate. The prosecutor set forth the range of punishments and she and defendant's counsel made arguments regarding the appropriate sentences. The court then stated:

THE COURT: Okay. Just let me run some thoughts by. At the earlier sentencing, I had pretty good recollection of the trial. When I sentence somebody, I want to be able to consider all of the circumstances, not only the circumstances of trial, but the victims and anything subsequent that would indicate to me, I'm going to say for lack of a better word, the character of the defendant. Reviewing the letter that I referred to earlier, the four-page letter that I received since the May 4th date, basically, somebody lambasted you, [defendant's counsel]. It is indicated to me no place that Mr. Box either admitted his guilt or felt any remorse for what he did. I'm also considering the information that has been brought to me since by his conduct in the St. Charles County Jail while he has been there. I want to try to consider all of these in the sentencing.

The court sentenced defendant to concurrent terms of twenty-five years for the robbery, armed criminal action and burglary convictions, twenty years for the two felony stealing convictions and six months for the speed limit conviction.

Defendant contends that the harsher sentence raised a presumption of vindictiveness. Defendant further contends that the trial court failed to overcome this presumption by articulating on the record "new objective information that shed light on [his] life, conduct, and his mental and moral propensities." Defendant asserts that the trial court denied his constitutional rights to due process of law, not to plead guilty, demand a jury trial, fair and impartial sentencing and collaterally attack his conviction.

Defendant relies on the U.S. Supreme Court's holding in North Carolina v. Pearce, 395 U.S. 711 (1969). In that case, the Court addressed the constitutional limitations upon imposing a more severe punishment to criminal defendants who successfully appeal their original convictions but are convicted again after a new trial. The Court recognized that there is not a constitutional bar to imposing a more severe sentence after the second conviction. Pearce, 395 U.S. at 723. The Court also recognized that due process of law requires that vindictiveness against criminal defendants who have successfully attacked their first conviction must play no part in the sentences they receive after a new trial. Id. at 725. The Court held that:

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

Id. at 726. This holding has been referred to as the Pearce presumption. State v. Starr, 998 S.W.2d 61, 69 (Mo. App. W.D. 1999).

In later cases, the U.S. Supreme Court has, however, limited the application of the Pearce presumption. See, e.g., Alabama v. Smith, 490 U.S. 794 (1989); Texas v. McCollough, 475 U.S. 134 (1986). In McCollough, the defendant was convicted of murder and a jury imposed a twenty-year sentence. McCollough, 475 U.S. at 135-36. The trial court granted the defendant's motion for new trial based on prosecutorial misconduct and a jury again found the defendant guilty. Id. at 136. The court sentenced the defendant to fifty years. Id. The U.S Supreme Court stated that vindictiveness of a sentencing judge was the "evil" it had sought to prevent in Pearce rather than simply enlarged sentences after a new trial. Id. at 138. The Pearce requirements, therefore, did not apply in every case where a defendant received a greater sentence on retrial. Id. The Court recognized that unlike a trial court that has been reversed, the court at issue, which granted the defendant's motion for new trial based on prosecutorial misconduct, had no motivation to engage in self-vindication. Id. at 139. Because there was no realistic motive for vindictive sentencing, the Pearce presumption was not applicable. Id. We also note that in discussing reasons for an increased sentence, the Court stated that restricting justifications for a sentence increase only to events that occurred after the original sentencing could under some circumstances lead to absurd results. Id. at 141. The Court found nothing in Pearce that required "such a bizarre conclusion." Id. at 142.

In <u>Smith</u>, the Court held that the <u>Pearce</u> presumption did not apply when the defendant received a greater sentence after trial than he received on his previous guilty plea that he successfully challenged. <u>Smith</u>, 475 U.S. at 795 (overruling <u>Pearce</u> in part on this issue). As in <u>McCollough</u>, the Court recognized that because the <u>Pearce</u> presumption may operate in the absence of any improper motive by the sentencing authority and thus block a legitimate response to criminal conduct, the Court had limited application of the presumption. <u>Id.</u> at 799. The Court stated that the circumstances where the presumption's objectives are "most efficaciously served....are those in which there is a reasonable likelihood,....that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." <u>Id.</u> (internal quotations and citations omitted).

Here, before the original sentencing hearing concluded defendant asked the court to consider information from his employer before sentencing. This is not a case where the trial court had any realistic motive for self-vindication or vindictive sentencing. The court merely agreed, at defendant's request, to consider information from defendant's employer. There is not a reasonable likelihood that the trial court's increased sentence was the product of actual vindictiveness. Under these circumstances, the <u>Pearce</u> presumption is not applicable.

Because the <u>Pearce</u> presumption does not apply, the burden remained on defendant to prove actual vindictiveness. <u>Id.</u>; <u>Starr</u>, 998 S.W.2d at 70. In resentencing defendant, the trial court stated that defendant's letter indicated that he neither admitted his guilt nor felt any remorse for his actions. The court also stated it was considering information regarding defendant's conduct while in the county jail. In sentencing, a court may take into account a defendant's character including the defendant's attitude regarding the offense. <u>State v. Lindsey</u>, 996 S.W.2d 577, 580 (Mo. App. W.D. 1999). Furthermore, the reasons given by the trial court comport with the dictates of section 557.036.1 RSMo. 2000. That section provides in part that "the court shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant and render judgment accordingly." Defendant fails to prove actual vindictiveness by the trial court and his second point is denied.

(Resp. Exh. 5, PP. 4-9 (footnote omitted)).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C.

§2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

- 10 -

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the Missouri State court's holding was not contrary to federal law, nor did it represent an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Under Eighth Circuit law, "[a] sentence is unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right...." United States v. Arrington, 255 F.3d 637, 639 (8th Cir.) (internal quotations and citation omitted), cert. denied, 534 U.S. 1049 (2001). "If a more severe sentence is imposed after a new trial, the reasons for doing so must affirmatively appear." Id. (internal quotations and citations omitted). "Otherwise a presumption arises that a greater sentence has been imposed for a vindictive purpose...[which] must be rebutted by objective information...justifying the increased sentence." Id. (internal quotations and citation omitted).

Here, "[t]he facts of this case provide no basis for a presumption of vindictiveness." Texas v. McCullough, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). Rather, in contrast to Pearce, Petitioner's re-sentencing came about only because the trial judge granted Petitioner's request temporarily to refrain from sentencing in order to permit judicial consideration of documents submitted by Petitioner himself. Granting Petitioner's own request for delay hardly suggests any vindictiveness toward him on the part of the judge. See McCullough, 475 U.S. at 139 (internal quotations and citation omitted) ("[U]nlike the judge who has been reversed, the trial judge here had

- 11 -

no motivation to engage in self-vindication."); see also United States v. Campbell, 410 F.3d 456, 467 (8th Cir.), cert. denied, 546 U.S. 966 (2005) (no reason to suspect district court meant to punish defendant for obtaining a new trial when judge himself recommended the new trial).

Furthermore, even if the Pearce presumption of vindictiveness were to apply here, the Court holds the findings of the trial judge overcome that presumption. McCullough, 475 U.S. at 141. Specifically, the Court notes the following objective information considered by the trial judge in deciding to increase the imposed punishment: the prosecutor's revised information regarding the maximum sentencing ranges for Petitioner's infractions; Petitioner's violations during his stay in the county jail; and Petitioner's failure to admit guilt or express remorse, as demonstrated by his letter to the trial judge. Under Supreme Court law, "[n]othing in *Pearce* is to be read as precluding a rebuttal of intimations of vindictiveness." Id. Rather, the Supreme Court in McCullough recognized the sentencing authority's power to justify an increased sentence by affirmatively identifying relevant conduct or events that occurred both prior and subsequent to the original sentencing proceedings. Id. at 141-144. The sentencing judge in Petitioner's case properly considered such evidence, and so Ground 2 of Petitioner's petition must be denied.

### 3. Ground 3

In Ground 3 of his petition Petitioner claims he received ineffective assistance of trial counsel, in that trial counsel failed to investigate and present evidence from a potential witness, Ms. Patricia Mae Box. (§2254 Petition, PP. 37-40). Petitioner maintains Ms. Box's testimony could have established a viable defense, as she would have testified Detective Grawitch of the O'Fallon Police Department informed her Petitioner was not found with a knife. (Id., P. 37). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

The court first addresses the claim by Movant[4] through post-conviction counsel that trial counsel failed to call an impeachment witness, Ms. Patricia Mae Box. The Court notes that Movant does not list Ms. Box as a witness who would testify at the post-conviction hearing to support this claim. To establish ineffective assistance of counsel for failure to investigate, subpoena and call witnesses, Movant has to prove that the witnesses could have been located through reasonable investigation; that they would have testified if called; and that their testimony would have provided a viable defense. Young v. State, 761 S.W.2d 725, 728 (Mo. App. 1988). See also Smulls v. State, 71 S.W.3d 138 (Mo. banc 2003). Only rarely does a court find that failure to interview witnesses is sufficient to justify a finding of ineffective assistance of counsel. Sanders v. State, 738 S.W.2d 856, 858 (Mo. banc 1987). Movant fails to show how this would have provided a viable defense and the point is denied without an evidentiary hearing.

(Resp. Exh. 6, PP. 117-118). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his sole point on appeal, movant argues that the trial court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because counsel's failure to investigate and present the testimony of Patricia Mae Box constituted ineffective assistance of counsel....
>
> "To establish that counsel was constitutionally ineffective, it must be shown that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that the deficient performance prejudiced the defendant." State v. Ferguson, 20 S.W.3d 485, 505 (Mo. banc 2000); (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To obtain an evidentiary hearing on this claim, the movant must allege facts, which are not refuted by the record, that show that counsel did not exercise the customary skill and diligence of a reasonably competent attorney, and movant was thereby prejudiced. Id. (citation omitted).
>
> Movant argues that he was prejudiced by counsel's failure to investigate and present evidence from Patricia Mae Box. According to movant, Patricia would have testified that Detective Michael Grawitch, with the O'Fallon Police Department, told her movant was not found with a knife, and such testimony would have supported movant's defense that he was not guilty of burglary and two counts of stealing without consent.

---

[4] Petitioner is referred to as "Movant" by the post-conviction courts.

> The failure to call a witness will not constitute ineffective assistance of counsel unless such action would have provided movant with a viable defense or resulted in a different outcome at trial. State v. Ferguson, 20 S.W.3d at 506. In the present case, any testimony that movant was not found with a knife would not have provided movant with a viable defense. The testimony at trial of the victim was that she found a black handled knife in her room, and the knife did not belong to her. Detective Grawitch testified as to items recovered from movant himself and from movant's car. Detective Grawitch did not testify at any point that movant was found with a knife. Therefore, further testimony that movant was not found with a knife would not have provided movant with a viable defense to the crimes of burglary and stealing.
>
> As a result, the failure of counsel to present the testimony of Patricia Mae Box did not constitute ineffective assistance of counsel, and the trial court did not clearly err in denying movant post-conviction relief without an evidentiary hearing.

(Resp. Exh. 9, PP. 2-4).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to Petitioner's claim his trial counsel was ineffective for failing to investigate and present evidence from Ms. Patricia Mae Box, the Court holds it need not consider whether Petitioner's counsel's performance was deficient, as Petitioner fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, the result of the proceeding would have been different. Specifically, the Court notes Detective Grawitch of the O'Fallon Police Department never testified Petitioner was found with a knife. (See Resp. Exh. 1, PP. 322-336). Ms. Box's alleged testimony thus would not have provided impeachment evidence against Detective Grawitch, and so would not have helped Petitioner in his case. In light of the foregoing, the Court finds that with this claim Petitioner fails to prove, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. Petitioner's request for habeas relief on this ground must therefore be denied.[5]

## CONCLUSION

---

[5] In light of the Court's ruling that Petitioner suffered no prejudice, it need not consider whether trial counsel's performance was constitutionally deficient.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 11th day of September, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE